McDONALD, Justice.
We have jurisdiction in this cause because the decision under review, Crane Rental of Orlando, Inc. v. Hausman, 518 So.2d 395 (Fla. 5th DCA 1987), construes a provision of the Florida Constitution. Art. V, § 3(b)(3), Fla. Const. We accepted the case for review because it involves a question of statewide public importance. The issue is whether a county may tax self-propelled cranes as personal property or whether it is precluded from doing so because the Department of Highway Safety and Motor Vehicles, an agency of the state, has required and collected a motor vehicle license tax on the cranes.[1]
Crane Rental argues that self-propelled cranes have been classified as motor vehicles for tax purposes under subsections 320.01(l)(a) and 320.08(5)(b), Florida Statutes (1985), and are, therefore, exempt from ad valorem taxation under the provisions of article VII, section 1(b) of the Florida Constitution. The trial judge, however, made the following findings:
1. Defendant is the owner of a number of self-propelled cranes. The cranes are capable of propelling themselves over the public roads of Florida by their own motive power. The purpose of this pro *1058 pulsion is so they can perform work at construction jobsites. This travel over the highways is incidental to the purpose for which the cranes are designed. The Court finds that the cranes are neither designed nor used to transport persons or property. Special permits are required from the State of Florida for the cranes to operate over the roads. The cranes are designed on integral chassis as one tool and are not sold in separate pieces.
He then concluded that the cranes in question are not “motor vehicles” as that term is defined in subsection 320.01(l)(a).[2] The Fifth District Court of Appeal affirmed, although Judge Cowart wrote a thoughtful and analytical dissent. 518 So.2d at 399-403.
We agree with the trial judge and the majority opinion. The primary function and the utility of this equipment is clearly as a tool and not a motor vehicle. Even though these cranes have engines and tires and traverse public roads to get to job sites, they are not the type of machine contemplated by the legislature to be a motor vehicle. If they are not motor vehicles, then the constitutional restriction on taxing them as personal property does not lie.
We profess some concern by the requirement of a class 94 license tag for self-propelled cranes and other types of tools, but we do not equate this to a declaration or determination that they are being taxed as motor vehicles. The decision under review is approved.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. Actually, three of the cranes at issue appear to be unlicensed.

. This statute reads as follows:
(1) "Motor vehicle” means:
(a) An automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power, but the term does not include traction engines, road rollers, such vehicles as run only upon a track, bicycles, or mopeds as defined in s. 316.003(2).