M. IGNATIUS LESTER, Associate Judge.
The appellant, an owner of a concrete pump truck, appeals from the trial court’s final judgment upholding the levying and collecting of an ad valorem tax imposed upon a portion of the unit. We affirm.
Appellant, relying on the same argument made before the trial court, contends that the concrete pump truck is a motor vehicle since it transports persons or property on the roads of this state. § 320.01(l)(a), Fla. Stat. (1987). Motor vehicles are exempt from ad valorem taxes pursuant to article VII, section 1(b) of the Florida Constitution. Appellee, the property appraiser, claims that the primary purpose of the truck is to pump concrete at the construction site and not to operate as a motor vehicle. The trial court, citing Crane Rental of Orlando, Inc. v. Hausman, 518 So.2d 395 (Fla. 5th DCA 1987), approved, 532 So.2d 1057 (Fla.1988), concluded that “courts must look to the primary purpose of *87 the unit to determine if it is subject to taxation.” Every witness who testified before the trial court admitted that the primary purpose of the truck was to pump concrete at the construction site; the truck’s use of the highways was solely for the purpose of being transported to the construction site and thus incidental to the primary purpose of pumping concrete. The trial court held that the unit was subject to an ad valorem tax.
Unlike the majority and dissenting district court opinions in Crane, however, which both rejected the traditional “split-the-baby” or partial assessment approach as being inapplicable to the facts of the case, 518 So.2d at 397-98, or no longer possible or practical when applied to modem integrated units, 518 So.2d at 401, the trial court approved the property appraiser’s use of a partial assessment. See 1956 Op.Att’y Gen.Fla. 056-314 (October 31, 1956); 1950 Op.Att’y Gen.Fla. 050-144 (March 23, 1950). The property appraiser used a factor of 60/40 to assess the total value of the unit, apportioning 40% of the value to the chassis and 60% to the concrete pumper.[1] The property appraiser taxed only the concrete pumper portion.
Exemptions to the taxation of personal property are to be narrowly construed against the party claiming the exemption. Volusia County v. Daytona Beach Racing & Recreational Facilities Dist., 341 So.2d 498 (Fla.1976), appeal dismissed, 434 U.S. 804, 98 S.Ct. 32, 54 L.Ed.2d 61 (1977). Applying this standard, we find that appellant was not entitled to have the concrete pumper portion of the unit exempted from taxation. We approve the partial assessment approach utilized by the property appraiser, since no difficulty exists in separating the chassis portion from the taxable, concrete pumper portion. Cf. Crane 518 So.2d at 397-98 (self-propelled crane designed as one unit, purchased as such, and used as a complete integrated unit). Accordingly, the trial court judgment is affirmed.
AFFIRMED.

. The appellant’s purchase invoice indicates that the chassis portion and the concrete pumper portion of the unit were built by different companies and were listed separately on the invoice. The truck portion was built by Mack Trucks, an American company, and cost $65,000. The concrete pumper portion was built by Putzmeister, a German company, and cost $231,994.