COWART, Judge,
concurring specially.
A crane owner-lender should not be considered or found legally liable for injuries to a borrower-user's employee merely because of ownership of the crane that lifted the pipe that fell and injured the user’s employee. The ordinary crane has a peculiar dual character or duplicitous nature [1] — while traveling down a public road it is a motor vehicle and, as such, under Florida law it is a dangerous instrumentality and its owner is vicariously liable for injuries it causes when negligently operated by others with the owner’s consent. However, after the crane is no longer being operated as a motor vehicle and is merely being used as a lifting tool, it should not be held, as a matter of law, to be a dangerous instrumentality for which the owner is vicariously liable.
All objects that have sharp edges or sharp points and all objects that have weight and movement, and especially all such objects moved by power, can do serious injury to humans and can be called “dangerous instrumentalities.” This description includes all equipment and tools of every type, including all heavy construction equipment, all farm, garden, and yard equipment, and all wood and metal working tools. Power tools such as chain saws and lawn mowers are exceedingly dangerous. A crane is no more dangerous than any other of these common powered equipment, tools or “instrumentalities.” If the owner of a crane is vicariously liable for injuries negligently caused by a borrower-user, then every citizen is vicariously liable when he loans his power saw or lawn mower to a neighbor who, using it, negligently injures a third person. The legal decision of the trial court in this case, which assumes the crane owner is legally liable for the injuries to the employee of the crane borrower-user, is but an example of an insidious legal trend extending the concept of legal liability without fault and making owners of property liable for injuries occurring on or near their property. Society is not ready for the law to hold the owners of all “dangerous” objects vicariously liable without fault for injuries caused by their negligent use by persons other than the owner *83 or his agents. If these legal trends are to become established law, it should occur not because, case by case, the courts slowly expand and establish them, but only after they have been openly and fully debated before, and adopted by, legislators, who, at least theoretically, represent the views, values, and desires of organized society.

. See Crane Rental of Orlando, Inc. v. Hausman, 518 So.2d 395 (Fla. 5th DCA 1987), approved, 532 So.2d 1057 (Fla.1988).